Filed 3/11/22  Marriage of Hiramanek CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Santa Clara)

----

| | |
|---|---|
| In re the Marriage of KAMAL and ADIL HIRAMANEK. | C082932 |
| KAMAL HIRAMANEK,<br><br>Respondent,<br><br>v.<br><br>ADIL HIRAMANEK, as Personal Representative, etc.,<br><br>Appellant. | (Super. Ct. No. 109FL149682) |

This case and others involving Adil Hiramanek and family members were originally filed in Santa Clara County Superior Court.  Following initial proceedings in the Sixth Appellate District, various appeals, including this one, were transferred to this district.  We will refer to the Hiramanek family members by their first names for clarity.  Adil was designated a vexatious litigant subject to a prefiling order under Code of Civil

1

Procedure section 391.7.  (See *In re Marriage of Hiramanek* (Aug. 23, 2012, H035887) [nonpub. opn.].)

The Estate of Roda Hiramanek (Estate), through her son Adil in his capacity as personal representative of the Estate, appeals an order imposing sanctions of $10,000 against Roda in a dissolution action involving the marriage of Adil and Kamal Hiramanek.**1**

The Estate now contends (1) the appeal is from more than just the order sanctioning Roda; (2) Judge Takaichi, who imposed the sanctions order, was disqualified and biased and could not issue the order; (3) the trial court violated Roda's rights under the Americans With Disabilities Act (ADA) by denying her requests for an interpreter and to appear telephonically; (4) Roda was not given notice and an opportunity to be heard; and (5) the trial court improperly granted the sanctions request.

We conclude (1) only the sanctions order against Roda is at issue in this appeal; (2) Judge Takaichi was not disqualified or biased and validly issued the sanctions order; (3) the trial court did not violate Roda's rights under the ADA; (4) Roda had notice and an opportunity to be heard; and (5) the Estate's arguments concerning the validity of the sanctions order are without merit.

We will affirm the order imposing sanctions.

BACKGROUND

The Estate's brief purports to identify 31 errors in the trial court's proceedings or ruling.  However, some of the sections asserting error contain no authority for the legal propositions.  Because these sections are not based on legal authority, they are without

---

**1** Roda died during the pendency of this appeal, and Adil was substituted in as personal representative of Roda's estate.  As noted in our order dated December 7, 2020, Adil is not a party to this appeal in his individual capacity.  Therefore, we will disregard any assertions to the contrary in the Estate's brief, as well as any arguments that Adil was aggrieved by the trial court's sanctions order in his individual capacity.

merit and do not require discussion. (*People v. Gidney* (1937) 10 Cal.2d 138, 142-143 (*Gidney*).) Also, some sections of the argument relate to matters other than the sanctions order. We will confine our analysis to the sections of argument free of these defects. We will also condense the analysis by treating similar contentions together.

The sanctions imposed against Roda were based on Family Code section 271, which provides: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. . . ." (Fam. Code, § 271, subd. (a).)

Roda intervened in the dissolution action of the marriage of Adil and Kamal to assert her ownership of a family residence. As recounted in a prior appeal, her arguments were resolved against her in the trial court on February 14, 2012, which resolution Roda appealed. (*In re Marriage of Hiramanek* (Apr. 17, 2019, C082930) [nonpub. opn.].) Roda also moved for grandparent visitation, which motion the trial court heard and denied on February 20, 2013. Nonetheless, Roda continued to file motions in this case. For example, on February 25, 2013, Roda filed a motion to vacate a restraining order issued against Adil. And on March 4, Roda filed a motion to vacate a child custody and visitation order that did not relate to her. The trial court held a hearing on Roda's motions and determined that she did not have standing to make the motions.

Kamal filed a request for attorney's fees as sanctions against Roda under Family Code section 271, and the trial court granted the request, as follows:

"Roda Hiramanek is the mother of Respondent [Adil]. Respondent was declared a vexatious litigant by the court, and is subject to prefiling order prohibiting filing further petitions or motions without prior leave of the presiding judge. Roda Hiramanek's motions and requests for order are similar to those previously filed by Respondent and/or

3

involve orders that [a]ffect Respondent and not her. The evidence supports Petitioner's contention that the motions are attempts to circumvent the prefiling orders imposed on Respondent. This is a misuse of the legal system, and unnecessarily increases litigation and related costs. An award of $10,000 in attorney fees as sanctions against Roda Hiramanek is warranted under Family Code § 271."

The trial court also held that the sanctions were not an unreasonable financial burden on Roda. Roda filed a notice of appeal. Kamal did not file a respondent's brief.

GENERAL STANDARDS OF REVIEW

We cannot reverse unless there is a miscarriage of justice. (Cal. Const., art. VI, § 13.) Furthermore, we presume the judgment is correct, and the appellant bears the burden of demonstrating error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

DISCUSSION

I

The Estate claims the appeal is from more than just the order sanctioning Roda. On May 29, 2013, the trial court held a hearing in which it considered sanctions against Roda and her standing to file various motions. The reporter's transcript of that hearing reflects that the trial court orally ruled against Roda on the issue of whether she had standing to file the various motions. However, the trial court also said that the order would be reduced to writing for its signature. On June 18, 2013, the trial court issued a written order sanctioning Roda for $10,000, payable to Kamal. The order also resolved an issue between Kamal and Adil concerning who was entitled to state and federal tax deductions for their minor children. On August 2, 2013, Roda filed a notice of appeal from orders dated "5/29/13, 6/18/13." Above the date "5/29/13" appears, in handwriting, "NO WRITTEN ORDER." On August 27, 2013, the trial court filed another written order concluding Roda did not have standing to file motions in the dissolution action. There is no notice of appeal in the record from the August 27, 2013 order.

4

The sole appealable order appealed from is the written order filed June 18, 2013, sanctioning Roda. The other part of the June 18, 2013 order, determining that Kamal was entitled to state and federal tax deductions for the minor children, did not pertain to Roda. Furthermore, even though the notice of appeal cites the hearing on May 29, 2013, the trial court did not issue an appealable order on that date. Only the written order is appealable because the trial court retains the authority to change its ruling until it is committed to writing. (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170.) Roda did not appeal from the written findings and order after hearing filed on August 27, 2013, in which the trial court determined that Roda did not have standing to file motions. But even if we were to construe the notice of appeal liberally to include the written order issued on August 27, 2013, the Estate's brief contains no persuasive argument that the trial court erred by ruling that Roda did not have standing to assert any motions or requests in the dissolution action beyond her complaint in intervention concerning the real property and her motion for grandparent visitation.

We will therefore confine our analysis of the issues to those affecting the sanctions order against Roda. To the extent the Estate's brief makes arguments about other actions taken by the trial court, such as determining that Roda had no standing to make motions and requests, we will disregard those arguments as not germane to the issue of sanctions.

II

The Estate argues Judge Takaichi, who imposed the sanctions order, was disqualified and biased and could not issue the order.

In a brief filed on May 24, 2013, Adil wrote: "The Court lacks jurisdiction to proceed on this case, as it stands in an adverse position with Roda and Respondent Adil Hiramanek ['Adil'], given a pending Federal Court Case to which this Court is a named adversarial defendant to Roda and Adil. Conflict of Interest requires that this case, and matter, be transferred to a neutral venue, out of county." (Original underlining and italics omitted.)

5

During the May 29, 2013 hearing, Adil said: "And there is one more argument I wanted to make on disqualification, on the issue of conflict of interest. I am not sure if the court is aware of this or not, but the court is an adversarial defendant in a federal case, including you Judge, being a named defendant."

The trial court responded: "Mr. Hiramanek, that issue is not before the court. I am not at liberty to address on that."

The Estate argues Judge Takaishi could not rule on the sanctions motion because the judge was disqualified. However, the Estate simply asserts disqualification as a fact, citing authority for what a trial court cannot do when it is disqualified. The Estate presents no authority for the proposition that a party can cause a trial judge's disqualification by filing a federal action against the trial judge. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) Because the Estate fails to establish Judge Takaichi was actually disqualified, the Estate's argument that Judge Takaichi did not have jurisdiction to issue the sanctions order is without merit.

The Estate also argues Judge Takaichi was biased against Roda because of his animus toward Adil. But the record demonstrates no bias or animus on the part of Judge Takaichi. Ruling against a party and commenting on the tactics of a party are not evidence of judicial bias or animus.

### III

The Estate contends we must reverse the sanctions order because the trial court violated Roda's rights under the ADA by denying her requests for an interpreter and to appear telephonically.

Roda filed a request in the trial court for disability accommodation on February 8, 2013. In the space provided for "Date or dates needed," she typed, "Beginning with Feb. 4, 2013." She included requests to make telephonic appearances, allow her son to

6

interpret, use a hearing aid, take breaks, and have wheelchair access to the courthouse and restroom.

The trial court granted the request as to only one day—February 20, 2013. The trial court granted wheelchair access to the court and restrooms, reasonable breaks, and a headset for audio amplification. But the trial court denied the requests to appear telephonically and for an interpreter.

The request filed on February 8, 2013, and the accompanying order of the trial court appear in the augmented record on appeal. Also in the augmented record on appeal is a draft of a second request for disability accommodation. It is signed by Roda and dated April 1, 2013. However, there is no indication that it was filed or that the trial court ruled on the request.

The Estate provides no record that a request for accommodation was made for the hearing on May 29, 2013. Yet that is the hearing to which the Estate claims the trial court denied Roda access by not providing accommodation. In fact, Roda was allowed to appear at the hearing telephonically, even though her request had previously been denied.

The appellant bears the burden of providing a record adequate to review the issues raised on appeal. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) "Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff. [Citation.]" (*Ibid*.) Because the record contains no filed request from Roda for ADA accommodation for the hearing on May 29, 2013, and no order from the trial court granting or denying such a request, the Estate's contention that ADA accommodation was wrongfully denied is without merit.

IV

Next, the Estate contends Roda was not given notice of proposed sanctions and an opportunity to be heard.

Family Code section 271 permits sanctions "after notice to the party against whom the sanction is proposed to be imposed and opportunity for that party to be heard." (Fam.

7

Code, § 271, subd. (b).)  Although the proof of service for the request for sanctions listed Adil but not Roda, the record indicates Roda had actual notice of the sanctions request, appeared at the relevant hearing, and was given the opportunity to be heard.

On March 22, 2013, Roda filed a declaration stating:  "On or about Mar. 20, 2013 I learned from my son Adil Hiramanek ('Adil'), who in turn learned from Court's docket website of Petitioner Kamal Hiramanek's purported motion calendared for April 4, 2013. Adil, refused to provide any further details of the purported motion stating that it is Petitioner's burden to serve me with the moving papers."  Then, on March 27, 2013, Roda filed a reply in which she responded to and opposed the request for sanctions. Roda appeared telephonically at the hearing on the request for sanctions.  The trial court asked Roda whether the papers she filed adequately stated her position on the issues, and Roda responded that they did.

Family Code section 271 requires notice; the actual notice that Roda had was sufficient.  She also had an opportunity to be heard.  The Estate's contention to the contrary lacks merit.

V

In addition, the Estate asserts several reasons why the trial court improperly granted the sanctions request.

The Estate argues the sanctions order was invalid because it was for future attorney's fees.  In the request for attorney's fees as sanctions under Family Code section 271, counsel for Kamal stated that responding to Roda's motions and requests would require a considerable amount of time.  Counsel for Kamal concluded:  "I ask that the Court order Roda to contribute $10,000.00 towards any attorney fees pursuant to [Family Code section] 271."  Roda continued to make filings up to the time of the hearing on May 29, 2013, and those filings required review by Kamal's attorney.  Also, counsel for Kamal prepared a responsive declaration, with attachments, addressing Roda's motions. Roda filed a 123-page response, as well as other filings.  Counsel for Kamal continued to

8

respond to Roda's filings. The attorney's fees award as sanctions under Family Code section 271 was not for future attorney's fees.

The Estate argues the trial court could not impose attorney's fees as sanctions because Kamal had not complied with Adil's request for the billing statements of Kamal's attorney. The Estate claims a demand was made to produce attorney billing statements before the court hearing. But the demand was made by Adil, not Roda. Adil made a "standing request" under the Superior Court of Santa Clara County, Local Family Rules, rule 4A that Kamal provide all attorney billing statements. Roda made no such request and did not object to the sanctions order for lack of an attorney billing statement. Because Roda failed to raise the issue of attorney billing statements in the trial court, and failed to object to the sanctions order based on the absence of attorney billing statements, her contention is not cognizable on appeal. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 826 [requiring party to raise procedural defects in the trial court].)

The Estate further argues Family Code section 271 allows a sanction only against a "party," but the trial court determined Roda was not a party. However, Roda was a party to the dissolution proceeding for the limited purpose of her complaint in intervention and her motion for grandparent visitation. The trial court was within its authority to sanction her for asserting motions beyond the reach of her rightful involvement in the action.

Moreover, the Estate argues the sanctions order is infirm because Family Code section 271 prohibits sanctions that impose an unreasonable financial burden on the party sanctioned. This argument is without merit as the trial court found the sanctions would not impose an unreasonable financial burden. It wrote: "Roda Hiramanek contends sanctions will impose an unreasonable financial burden, but does not provide evidence concerning her financial circumstances. The court is informed that she is 83 years old, and is not employed or capable of employment. Petitioner contends that Roda Hiramanek has substantial capital assets consisting of funds in financial accounts in

9

excess of $750,000, and furnished account statements in support. Although the statements were from 2008, the accounts are in the name of Roda Hiramanek with assets in excess of $750,000. Roda Hiramanek did not present evidence disputing ownership of the accounts, amounts or current availability to her. The court finds that sanctions will not impose an unreasonable financial burden to her." The Estate has not established trial court error.

The Estate also attempts to challenge the evidence the trial court used as a basis for finding the sanctions order would not impose an unreasonable financial burden on Roda, but the Estate fails to cite any legal authority for its appellate argument. It is therefore deemed forfeited. (*Gidney, supra,* 10 Cal.2d at pp. 142-143.)

To the extent the Estate's brief attempts to make any other arguments challenging the sanctions order, they are not sufficiently and appropriately raised to merit appellate consideration.

DISPOSITION

The order is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/S/
MAURO, J.

We concur:

/S/
RAYE, P. J.

/S/
DUARTE, J.

10